IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 4:04-CR-170 |
| | : | |
| v. | : | 4:07-CV-1422 |
| | : | |
| WILLIE A. WILLIAMS, | : | (Judge McClure) |
| | : | |
| Defendant. | : | |

**O R D E R**

June 3, 2008

**BACKGROUND:**

Defendant Willie A. Williams was sentenced by this court on October 21, 2005 to 110 months of imprisonment. On November 15, 2006, the United States Court of Appeals for the Third Circuit affirmed defendant's conviction and sentence. On August 6, 2007, defendant, acting pro se, filed a 28 U.S.C. § 2255 motion and accompanying brief.

On August 8, 2007, we gave Williams the notice required by United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999) and asked him to elect whether to have us rule on his motion as filed or withdraw his motion and file one all-inclusive motion. Our order gave Williams forty-five days to make his election and warned that a failure to do so would result in us ruling on his motion as filed. After forty-

five days passed with no response from Williams, we ordered the government to respond to Williams' motion.

On February 22, 2008, the government filed its response. (Rec. Doc. No. 114.) On March 7, 2008, Williams filed a traverse. (Rec. Doc. No. 115.) For the following reasons, we will deny the petition.

**STATEMENT OF FACTS:**

On the morning of July 13, 2003, Williamsport Police Officers Damon Hagan and James Douglas were traveling in an unmarked police unit eastbound on High Street near Hepburn Street in Williamsport. Hagan was driving the vehicle and he observed in the rearview mirror the headlights of a vehicle coming to a stop and parking along the southern curb of High Street. It was just past four in the morning and this area was known for crime and drug trafficking. Hagan made a U-turn to investigate.

By the time they approached the car, the officers observed an individual crossing the street a few feet away from the driver's side door of a white Ford Expedition parked along the southern curb of High Street. The individual proceeded north toward the residence at 310/312 High Street. As they approached the individual in their vehicle, Officer Hagan recognized him as Willie Williams,

an individual who had just been released from prison.  Hagan suspected Williams was on parole and that Williams had a suspended license.  Hagan immediately told Williams to stop by yelling through the passenger-side window of the car.  At this point, Williams stopped.  Hagan then pulled the vehicle forward in order to get closer to the curb, losing site of Williams for three to five seconds.  Hagan then exited the vehicle, and at this point noticed that Williams had moved slightly away from the curb where he had originally stopped in response to Hagan's order and more towards the house.  Officer Douglas also observed that Williams had moved closer towards the house after Hagan's order.

After exiting the vehicle, Hagan found a gun lying in the grassy area between the sidewalk and the curb.  Although the officers never saw Williams dispose of the gun, Hagan did observe that the gun did not have dew on it, unlike the surrounding grass which did.  Because the gun was a couple of steps from Williams and had evidently just been placed there, and because Williams was the only individual in the area, Hagan patted down Williams to ensure that he did not possess any other weapons.

Williams then gave Hagan the name of his parole agent in Philadelphia.  Hagan contacted the agent, who requested that Hagan take Williams into custody.  Hagan then placed Williams under arrest.  A search pursuant to that arrest revealed

$732 in currency as well as a zip-lock bag containing forty smaller bags of crack cocaine.

On May 13, 2004, a federal grand jury sitting in Williamsport, Pennsylvania returned a three-count indictment charging Willie A. Williams with violations of various federal gun and drug crimes. On December 10, 2004, following an evidentiary hearing, we granted Williams' motion to suppress and suppressed both the gun and the crack cocaine that had been found on Williams' person. Specifically, we concluded that Hagan's belief that Williams had just driven with a suspended license, in addition to the fact that the area was known for drug trafficking and that Hagan knew that Williams had an extensive criminal history that included felony drug offenses, did not provide reasonable suspicion for the initial seizure of defendant.

On March 22, 2005, we granted the government's motion for reconsideration and vacated our December 10, 2004 order. We concluded that Williams was not seized initially because he did not submit to Hagan's show of authority. Specifically, we concluded that although Williams did initially stop in response to Hagan's order to do so, he nevertheless moved closer to the house during the time period when Hagan was parking and exiting the vehicle. Therefore, we found that initially no seizure took place and that, therefore, no

reasonable suspicion was needed.

On July 7, 2005, Williams entered a conditional guilty plea to count one of the indictment, reserving his right to appeal the court's denial of his suppression motion. On October 21, 2005, we sentenced Williams to 110 months imprisonment. On September 11, 2006, the Third Circuit affirmed Williams' conviction, explicitly affirming on the suppression issue.

**DISCUSSION:**

In his motion, defendant's primary argument is that his counsel was ineffective by failing to address the preliminary hearing transcripts which contained testimony from the arresting officers that defendant did in fact stop when he was told to stop. (Rec. Doc. No. 107, at 6.) Additionally, he argues that the court erred in its decision to grant the government's motion for reconsideration without reviewing the preliminary hearing transcript. (Id. at 8.)

In order to establish a claim of ineffective assistance of counsel, defendant must establish two different components. First, petitioner must establish that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). This component is satisfied by showing that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. Second, defendant

must show that this deficient performance prejudiced the outcome.  Id. at 687. This component is satisfied upon a showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would been different.  Id. at 694.

Attached to his motion, defendant has included what appears to be a copy of a transcript from a preliminary hearing held before a district magistrate in Lycoming County on July 11, 2003.  Defendant has included only the title sheet as well as pages four and five of the transcript.  As far as the court knows, this is the first time this transcript has been introduced in defendant's federal case. Curiously, July 11, 2003, is two days before Williams' arrest, yet the transcript appears to contain the testimony of either Officer Hagan or Douglas concerning defendant's arrest on July 13, 2003.  (Prelim. Hr'g Tr., Rec. Doc. No. 107.)

Even if we assume that this transcript is authentic, we nevertheless conclude that defendant is not able to satisfy either prong of the Strickland test.  As mentioned, defendant has included only two pages of actual testimony from the transcript.  The pertinent part of that transcript for the purpose of defendant's argument is:

> A.     . . . as I got close enough to see uh the person's face, I recognized Willie Williams, and as I said before, I knew that he was a suspended driver, so I got close enough to him to stop, he stopped walking, and I told, excuse me, I told him to stop."

Q. Did he stop?

A. He did.

Q. What did you do then?

A. Uh pulled ahead a little bit further, uh, exited the vehicle, and walked around the rear of my vehicle to make contact with him.

Q. And did he remain in that location?

A. He moved a little bit further away from the curb.

(Prelim. Hr'g Tr., Rec. Doc. No. 107, at 5.)

This testimony does not appear to vary from the testimony that was provided at the suppression hearing. Both provide evidence that while defendant did initially stop in response to Officer Hagan's order to do so, he nevertheless moved closer to the house during the time period when Hagan was parking and exiting the vehicle. The fact that defendant moved closer to the house and did not submit to Hagan's show of authority formed the basis for concluding that defendant was not seized initially.

Defense counsel's performance did not fall below an objective standard of reasonableness by failing to address the preliminary hearing transcripts because doing so would have simply confirmed Hagan and Douglas' testimony at the suppression hearing. For the same reason, prejudice does not exist because even if defense counsel had addressed this transcript, the result of the proceeding would

not have been different.  Therefore, we find that defendant's ineffectiveness claim fails.

With respect to defendant's argument that the court erred in its decision to grant the government's motion for reconsideration without reviewing the preliminary hearing transcript, this argument has been procedurally defaulted. Unlike his ineffectiveness argument, this claim could have been raised in a motion for reconsideration or on appeal and defendant failed to do so.  Defendant does not argue that counsel was ineffective by failing to do so.  Furthermore, even if we were to consider the argument, if would undoubtedly fail.  We conclude that no error was committed, as defendant's ineffectiveness argument makes it clear that this transcript was not brought into evidence at the suppression hearing.  Therefore, we did not commit an error by not reviewing a transcript that neither party brought into evidence.  Finally, even if this could be construed as error, the error is harmless due to the fact that the transcript does not vary from the testimony presented at the suppression hearing.  In other words, even if we had reviewed the transcript, our conclusion regarding the suppression issue would not have changed. Therefore, we will reject this argument as well.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Williams' motion under 28 U.S.C. § 2255 is DENIED. (Rec. Doc. No. 107.)

2. The clerk is directed to close the case file.

3. There is no basis for the issuance of a certificate of appealability.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge